Filed 10/25/22  P. v. Griffin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AARON GRIFFIN,<br><br>　　　Defendant and Appellant. | D080475<br><br><br>(Super. Ct. No. SCD267344) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Aaron Griffin appeals from an order denying his petition to vacate his murder conviction and for resentencing under former Penal Code section

1170.95 (now section 1172.6).[1]  His appointed appellate counsel filed an opening brief raising no arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  Griffin also filed a supplemental brief on his own behalf.

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the trial court's order.[2]  Accordingly, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2016, a shootout between two drivers at the intersection of Euclid and Market in San Diego left driver Jamar J. dead.  Police identified the driver of the other vehicle as Griffin.

Griffin was charged with first degree murder (§187, subd. (a)), assault with a semi-automatic firearm (§ 245, subd. (b)), and shooting at an occupied vehicle (§ 246).  The information alleged that in the commission of these offenses, Griffin personally used a firearm (§ 12022.5, subd. (a)), personally and intentionally used a firearm (§ 12022.53, subd. (b)), and personally and

---

[1]    Section 1170.95 was amended effective January 1, 2022 and then renumbered as section 1172.6 without substantive change on June 30, 2022.  (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).)  We refer to the subject statute by its current number throughout this opinion.  All further statutory references are to the Penal Code.

[2]    We recognize some courts have ruled that a defendant has no right to *Wende/Anders* review in an appeal from the denial of a section 1172.6 petition for resentencing.  (See, e.g., *People v. Figueras* (2021) 61 Cal.App.5th 108, 110–113.)  Other courts have concluded that *Wende/Anders* review is not required, but that appellate courts have discretion to conduct such a review in the interests of justice.  (*People v. Gallo* (2020) 57 Cal.App.5th 594, 598–599.)  Because this issue is currently pending before the Supreme Court (*People v. Delgadillo* (Nov. 18, 2020, B30441), review granted Feb. 17, 2021, S266305), we have opted to conduct a *Wende/Anders* review.

2

intentionally discharged a firearm proximately causing great bodily injury or death (§ 12022.53, subd. (d)). Griffin was also charged with shooting at an inhabited dwelling (§ 246) for a separate incident that occurred 10 days earlier involving a shooting into the home of Jamar's next-door neighbor.

At trial, Griffin argued that he committed the May 17, 2016 shooting in self-defense. The court instructed the jury on murder with malice aforethought (CALCRIM No. 520), first degree murder based on either a willful, deliberate, and premeditated killing or shooting a firearm from a motor vehicle (CALCRIM No. 521), provocation (CALCRIM No. 522), self-defense (CALCRIM Nos. 505, 3471-3472), and voluntary manslaughter based on imperfect self-defense (CALCRIM No. 571). The court gave no jury instructions on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

In August 2018, the jury convicted Griffin as charged of first degree murder and the other charges and found true all of the firearm allegations. The court sentenced Griffin to imprisonment for 50 years to life plus seven years eight months. In October 2020, we affirmed the judgment on appeal. (*People v. Griffin* (Oct. 21, 2020, D074956) [nonpub. opn.].)

In August 2021, Griffin filed a petition for resentencing under former section 1170.95 (now section 1172.6). The trial court appointed counsel for Griffin. The People filed a response to the petition. The People's response included as exhibits the verdict forms and jury instructions from the underlying trial and this court's opinion from the prior appeal. The People argued that Griffin was ineligible for relief under section 1172.6 because he was convicted as the actual killer, not under the felony murder doctrine, the natural and probable consequences theory, or any other imputed malice theory. Griffin's counsel filed a reply brief on his behalf.

3

The trial court held a hearing on the petition. After hearing arguments, the court ruled that it could consider our prior decision "as part of the record of conviction . . . ." The court further concluded: "In this particular case, it's clear from the verdict forms also that the defendant was the actual shooter because the defendant was charged with and personally used a firearm and that was found to be true in the commission of the offense. [¶] So it is, in my mind, clear that he is not entitled to relief. In addition, if you look at the instructions . . . that were given to the jury. There is no theory that was offered to the jury that would have fallen under the new legislation that would allow for relief for resentencing. [¶] And, therefore, I'm finding that the defendant has not made a prima facie showing, and that the petition is denied."

Griffin filed a timely notice of appeal. His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. The opening brief identified three potential issues to assist this court in conducting its independent review of the record: (1) whether the trial court erred by considering our prior decision in the first appeal; (2) whether the prosecutor's failure to file its response within 60 days of service of the petition warrants reversal; and (3) whether the trial court properly found that Griffin had not made a prima facie showing of entitlement to relief. Griffin also filed his own supplemental brief arguing that the Deputy District Attorney stated fraudulent facts in her response to the petition for resentencing and requesting that we vacate his murder conviction due to lack of evidence and allegedly fabricated theories used by the People to convict him.

4

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*. We have also considered the issues identified by counsel in the opening brief and by Griffin in his supplemental brief. We have not discovered any arguable issue that would result in a reversal or modification of the trial court's ruling. Competent counsel has represented Griffin in this appeal. Accordingly, we affirm the trial court's order.

## DISPOSITION

The order denying Griffin's petition for resentencing under section 1172.6 is affirmed.

BUCHANAN, J.

WE CONCUR:

IRION, Acting P. J.

DO, J.